**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN  DIVISION**

CHARLES E. FOSTER, JR.,       *
                                 *

              Plaintiff,     *

v.                                *

                                 *       No. 4:11-cv-00002-JJV

BRANDON TORLING, Officer, Faulkner   *

County Detention Center,           *

                                 *

             Defendant.    *

## MEMORANDUM AND ORDER

      Before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. No. 51).

Plaintiff filed a Response in opposition to the Motion (Doc. No. 58).

      Mr. Foster is incarcerated at the Wrightsville Unit of the Arkansas Department of Correction

(ADC).  He filed this *pro se* action pursuant to 42 U.S.C. § 1983 against Officer Torling, alleging

excessive force during an incident which occurred at the Faulkner County Detention Center (Jail)

in July 2010.  Plaintiff asks for damages against Defendant, in both his individual and official

capacities, for his "extreme, outrageous, and utterly intolerable conduct, pain and suffering, and the

mental anguish sustained...." (Doc. No. 6 at 6.)

## I.     JUDGMENT ON THE PLEADINGS

      The applicable standard of review on a motion for judgment on the pleadings pursuant to

FED. R. CIV. P. 12(c) is the same as for a motion to dismiss under FED. R. CIV. P. 12(b)(6).  *See Shaw*

*v. Rolex Watch U.S.A., Inc.,* 745 F. Supp. 982, 984 (S.D.N.Y.1990).  That is, a plaintiff's obligation

to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must

be enough to raise a right to relief above the speculative level," *Bell Atlantic  Corporation v.*

*Twombly*, 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).

## II.   ANALYSIS

Officer Torling asks the Court to dismiss Plaintiff's claim for damages against him in his official capacity, stating that Plaintiff did not allege that a custom, policy, or practice of Faulkner County, his employer, was the moving force behind the alleged constitutional violation.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1975), and *Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998).  Officer Torling states Plaintiff also does not allege a pattern of widespread unconstitutional conduct which was so pervasive in the county that is had the effect of law, citing *Jane Doe A v. Special School District of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990).

In his Response, Mr. Foster states that Officer Torling violated the Jail policy on excessive force when he sprayed mace into Plaintiff's face.  He also claims that the Jail custom or practice of deliberate indifference was the moving force behind the constitutional violation.

Having reviewed the parties' submissions, the Court finds that Defendant's Motion should be granted.  As noted above, an action filed against a county official in his official capacity is equivalent to an action against the county.  *Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998). Therefore, Faulkner County, Torling's employer, may be liable for any unconstitutional actions of Torling, if his actions involved the implementation of an unconstitutional county policy or custom, or were part of a pattern of unconstitutional conduct so pervasive and well-settled that it had the effect of law.  *See Doe v. Washington County*, 150 F.3d at 922, and *Jane Doe A*, 901 F.2d at 646. In this particular case, however, Plaintiff alleges Defendant **violated** the Jail policy on excessive force.  Although he also claims that a Jail custom or practice of deliberate indifference was the moving force behind Defendant's actions, Plaintiff does not identify the custom or practice or any

past incidents which would suggest the presence of such a custom or practice,  Therefore, the Court finds that Defendant's Motion should be granted.

## III.   CONCLUSION

IT IS, THEREFORE, ORDERED that Defendant's Motion for Judgment on the Pleadings (Doc. No. 51) is GRANTED and Plaintiff's allegations against Defendant in his official capacity are DISMISSED.

SO ORDERED this 6th day of March, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE