IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES E. FOSTER, JR., ADC #147301    \*
                    \*
    Plaintiff,        \*
v.                    \*
                    \*  No. 4:11-cv-00002-JJV
BRANDON TORLING, Officer, Faulkner \*
County Detention Center,       \*
                    \*
    Defendant.       \*

## ORDER

In anticipation of the bench trial scheduled on November 13, 2012, in Little Rock, Arkansas, Plaintiff has submitted a Witness List (Doc. No. 74) requesting three witnesses. In response, Defendants state that they cannot ensure the attendance of these witnesses, because they are not currently incarcerated at the Faulkner County Detention Center (Doc. No. 90).

The Court closely reviews witness lists prior to hearings to conserve limited judicial resources and ensure that unnecessary, repetitive, or irrelevant witnesses are not needlessly brought to the hearing at taxpayer expense. While witness lists are typically minimized, if, during the hearing, the Court finds that an excluded witness is important to either party's case, the Court will hold the record open until that witness's testimony can be obtained.

Having performed a careful review of Plaintiff's proposed witness list, the Court finds that requested witnesses Andre Allen and Clarence Simons should be permitted. However, Plaintiff does not provide a present address or ADC number for requested witness James M. Jordan; therefore this witness will be denied. If Plaintiff timely obtains the complete address or ADC number for this witness, he may request reconsideration of this Order.

Pursuant to 28 U.S.C. § 1915, the Court will issue a subpoena for Plaintiff's requested witness, Clarence Simons, but the Court cannot guarantee his appearance. Rule 45(b) of the Federal Rules of Civil Procedure requires service to be accomplished by "tendering the fees for 1 day's attendance and the mileage allowed by law." FED. R. CIV. P. 45(b)(1). In addition, 28 U.S.C. § 1915(a) allows for the waiver of prepayment of "fees or costs," but it does not authorize federal courts to waive or order payment of witness fees for a civil litigant proceeding *in forma pauperis*. *United States Marshals Service v. Means*, 741 F.2d 1053, 1056-57 (8th Cir. 1984). Accordingly, the Court does not provide any payment of witness fees and Plaintiff is forewarned that, unless he tenders the $40 witness fee and payment for mileage, the law does not permit the Court to compel a witness to testify.

The Clerk of the Court shall issue a subpoena directing the appearance of the following witness at the November 13, 2012 Trial at 10:00 a.m., United States District Court, 600 W. Capitol Avenue, Courtroom 2C, Little Rock, Arkansas 72201: <u>Clarence Simons, 183 Sawmill Road, Conway, Arkansas, 72034</u>. The United States Marshal shall serve this subpoena without payment of costs or fees therefore.

The Arkansas Department of Correction shall ensure the attendance of inmate <u>Andre Allen, ADC #148743</u>, and Plaintiff <u>Charles E. Foster, Jr., ADC #147301</u>, together with his medical and institutional files, at the November 13, 2012 Trial.

The Clerk of the Court shall forward a copy of this Order to the Arkansas Department of Correction Central Transportation/Medical Services, 6814 Princeton Pike, Pine Bluff, AR 71602.

IT IS SO ORDERED this 2nd day of November, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE